## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

ELIAS BLACHMAN,

       Plaintiff,
vs.

STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,

       Defendant.
_____/

### COMPLAINT

Plaintiff, ELIAS BLACHMAN, ("Mr. Blachman") by and through undersigned counsel, hereby sues Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC ("Starwood"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue in this District is proper because the actions that gave rise to this action accrued in the District.

3. This Court has personal jurisdiction over Starwood because: (a) Starwood is operating, present, and doing business within this jurisdiction, and (b) Starwood's breaches and illicit activity occurred within this jurisdiction.

### PARTIES

4. Mr. Blachman is an individual, *sui juris,* and resides in New York.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

5.      Starwood is a corporation formed under the laws of the State of Maryland with its headquarters and principal place of business in Bethesda, Maryland.

6.      All conditions precedent to this action have occurred or have been waived.

## GENERAL ALLEGATIONS

7.      At all times material hereto, Starwood operates, manages, controls, and maintains a commercial business property in Miami-Dade County known as The St. Regis Bal Harbour Resort ("The Hotel").

8.      The Hotel is located at 9703 Collins Avenue, directly opposite the luxurious Bal Harbour Shops and near Miami's vibrant South Beach. Opened in 2012, the Hotel is a 27-story oceanfront property located on a 9.5 acre plot which includes 600 feet of oceanfront access.

9.      On June 8, 2016, Mr. Blachman and his wife were guests checked in to the Hotel, while visiting from New York. That morning, Mr. Blachman and his wife headed downstairs to the pool deck to catch some Florida morning sun. Mr. Blachman then had to use the restroom and headed straight from his chair to the bathroom, just a few hundred feet away.

10.     As he stepped into the men's room, through no fault of his own, Mr. Blachman slipped on a puddle on the floor he had not seen and for which there had been no warning.

11.     Mr. Blachman's foot slipped forward, causing his body to jerk backwards which led to Mr. Blachman losing his balance and falling back, hitting his head on the marble floor and awkwardly landing on his right wrist, causing his wrist to fracture and causing great bodily injury.

12.     The months following his fall came with great pain, treatment and medical opinion after medical opinion.

## COUNT I – NEGLIGENCE

Mr. Blachman re-alleges, and adopts by reference herein, Paragraphs 1-12 above, and

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

further alleges:

13. Starwood owed a duty of reasonable care to Mr. Blachman to maintain its premises in a reasonably safe condition by the use of ordinary care and to warn of perils known or that should have been known, for use by its invitees, including Mr. Blachman.

14. Starwood owed a duty to Mr. Blachman to maintain the common areas of the property in general and specifically in the bathrooms near the swimming pools on the property in a manner so as to not allow water to accumulate and puddle to cause or create a slip and fall hazard and endanger Mr. Blachman or other invitees.

15. Starwood, by and through its employees and agents breached its duty of reasonable care to Mr. Blachman including, but not limited to, the following acts or omissions:

   a) negligently maintaining the bathrooms near the swimming pools on the property in a manner so as to allow water to accumulate and puddle which caused or created a slip and fall hazard and endangered Mr. Blachman;
   b) failing to exercise reasonable care in the proper and timely inspection of the bathrooms near the swimming pools that it invited its customers to use;
   c) failing to exercise reasonable care by failing to warn of the hidden dangerous and hazardous conditions within the bathroom, or to take steps to prevent and restrict access to and or barricade the area of the water accumulation until the hazard was eliminated;
   d) failure to exercise reasonable care in providing for proper drainage of accumulated water; and
   e) was otherwise negligent in creating, causing, allowing, and failing to discover and remedy the source of the accumulated water and thereby eliminate the hazardous condition.

16. The negligent condition was known to Starwood or existed for a sufficient length of time so that Starwood should have known of it.

17. As a direct and proximate result of the Starwood's negligence, Mr. Blachman suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, significant and permanent scarring, loss of capacity for the enjoyment of life, expenses

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

of hospitalization and medical treatment. The losses are either permanent or continuing in nature, and Mr. Blachman will suffer those losses into the future.

**WHEREFORE**, Plaintiff, ELIAS BLACHMAN, demands entry of judgment against Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, for damages, , and such other relief as this Court deems just and proper.

### COUNT II – PREMISES LIABILITY

Mr. Blachman re-alleges, and adopts by reference herein, Paragraphs 1-12 above, and further alleges:

18. Starwood owed a duty of reasonable care to Mr. Blachman to maintain its premises in a reasonably safe condition by the use of ordinary care and to warn of perils known or that should have been known, for use by its invitees, including Mr. Blachman.

19. Starwood knew or had constructive knowledge that the pooling water in the bathroom was a hidden dangerous condition to its guests and invitees such as Mr. Blachman.

20. Starwood should have taken action to remedy the pooling water in the bathroom before allowing patrons such as Mr. Blachman to utilize the men's restroom.

21. In addition, Starwood should have warned patrons such as Mr. Blachman of the hidden dangerous condition—the pooling water in the men's restroom.

22. The negligent condition was known to Starwood or existed for such a length of time that in the exercise of ordinary care Starwood should have known of the condition.

23. Starwood, by and through its employees, agents and/or servants and or apparent agents breached its duty of reasonable care to Mr. Blachman including, but not limited to, the following acts or omissions:

   a) negligently maintaining the bathrooms near the swimming pools on the property in a manner so as to allow water to accumulate and puddle which

4 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

                                                                                5 | P a g e

                    caused or created a slip and fall hazard and endangered Mr. Blachman;

         b)     failing to exercise reasonable care in the proper and timely inspection of the bathrooms near the swimming pools that it invited its customers to use;

         c)     failing to exercise reasonable care by failing to warn of the hidden dangerous and hazardous conditions within the bathroom, or to take steps to prevent and restrict access to and or barricade the area of the water accumulation until the hazard was eliminated;

         d)     failure to exercise reasonable care in providing for proper drainage of accumulated water; and

         e)     was otherwise negligent in creating, causing, allowing, and failing to discover and remedy the source of the accumulated water and thereby eliminate the hazardous condition.

24. As a direct and proximate result of the Starwood's negligence, Mr. Blachman, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, significant and permanent scarring, loss of capacity for the enjoyment of life, expenses of hospitalization and medical treatment. The losses are either permanent or continuing in nature, and Mr. Blachman will suffer those losses into the future.

**WHEREFORE**, Plaintiff, ELIAS BLACHMAN, demands entry of judgment against Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, for damages, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

                                      Respectfully Submitted,

                                      /s/ *Yechezkel Rodal*
                                      Yechezkel Rodal, Esq.
                                      Florida Bar Number: 91210
                                      Rodal Law, P.A.
                                      *Attorney for Plaintiff*
                                      3201 Griffin Road, Suite 203
                                      Dania Beach, Florida 33312
                                      Telephone:    (954) 367-5308
                                      E-mail: Chezky@Rodallaw.com

5 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com